■ To Po Nyo, Respondent, v. J. Fritz Company, Inc., Defendant, and Cambridge Navigation Co., Ltd., Appellant.— Order, Supreme Court, New York County, entered on June 9, 1971, denying defendant-appellant's motion to dismiss the complaint herein on the ground of *forum non conveniens,* unanimously reversed, on the law, on the facts, and in the exercise of discretion, without costs and without disbursements, motion granted and complaint dismissed, on condition that, within 10 days after the entry of the order hereon, appellant stipulates, as offered by it, to consent to the jurisdiction of the Courts of Hong Kong, to accept service of process in Hong Kong and appear in an action to be commenced there for the same relief demanded in the complaint herein, and that it will not plead the Statute of Limitations as a defense in any such action, but will waive it. In the event of appellant's failure to comply with the foregoing condition, the order is affirmed, without costs and without disbursements. The action in Hong Kong is to be instituted with three months after the entry of the order hereon and compliance by the appellant with the condition imposed. The record discloses the undisputed facts which follow: This is a personal injury action brought by a Hong Kong resident to recover for injuries sustained in an accident aboard a foreign vessel on the high seas. Appellant is an alien corporation with an office in Hong Kong. No officers or shareholders thereof are Americans and all members of the crew but one are residents of Hong Kong. There are no witnesses in New York. The shipping articles entered into between the parties designates Hong Kong law as governing. Plaintiff joined the vessel in Hong Kong and the "Maritime Leader" has never been in New York. Finally, plaintiff concedes that the Jones Act is not applicable to this action. It is the general policy of the courts of this State, in the absence of special circumstances, to reject actions between nonresidents founded on tort, where the cause of action arises outside the State (*Jones* v. *United States Lines,* 36 A D 2d 601, and cases cited therein). No such special circumstances have been established by plaintiff in this case. Settle order on notice. Concur — Stevens, P. J., Capozzoli, McGivern, Nunez and McNally, JJ.